SLR:LDM:MDH
F. #2014R01982

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | **PRELIMINARY** <u>**ORDER OF FORFEITURE**</u> |
| - against - | 16-CR-45 (MKB) |
| EASY RENT SYSTEMS, INC., | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WHEREAS, on or about October 7, 2016, Easy Rent Systems, Inc. (the "defendant"), entered a plea of guilty to Count Two of the above-captioned indictment, charging a violation of 18 U.S.C. § 1956; and

WHEREAS, the defendant, by Jeffrey Hurant, in his capacity as President and Chief Executive Officer of defendant, as well as personally, has consented to the forfeiture of all right, title and interest in the following pursuant to 18 U.S.C. § 982(a)(1), as property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or any property traceable to such property, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p):

(a)     The domain name rentboy.com, seized on or about August 25, 2015, and all proceeds traceable thereto;

(b)     approximately $70,851.75 in United States currency, seized from 6 West 14th Street, Suite 4W, New York, New York, on or about August 25, 2015, and all proceeds traceable thereto;

(c)     approximately $99,268.57 in United States currency, formerly on deposit in Citibank account number 44779781, held in the name of Easy Rent Systems, Inc., which was seized on or about August 25, 2015, and all proceeds traceable thereto;

(d)     approximately $22,943.20 in United States currency, formerly on deposit in Citibank account number 9985319665, held in the name of Brave New Telemedia, Inc., which was seized on or about August 25, 2015, and all proceeds traceable thereto;

(e)     approximately $5,682.28 in United States currency, formerly on deposit in TD Bank account number 426-0332477, held in the name of HB Events, Inc., which was seized on or about August 25, 2015, and all proceeds traceable thereto;

(f)     approximately $618,700.00 in United States currency, formerly on deposit in TD Ameritrade account number 882-582293, held in the name of Jeffrey Hurant, which was seized on or about August 25, 2015, and all proceeds traceable thereto; and

(g)     approximately $658,040.91 in United States currency, formerly on deposit in TD Ameritrade account number 862-729381, held in the name of Easy Rent Systems, Inc., which was seized on or about August 25, 2015, and all proceeds traceable thereto, including all interest accrued, if any, since the date of seizure (items (a) – (g) collectively, hereinafter the "Seized Assets").

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.     Pursuant to 18 U.S.C § 982(a)(1) and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States all right, title and interest in the Seized Assets.

2.     In consideration of the forfeiture of the Seized Assets, the United States has agreed not pursue and to return to Jeffrey Hurant approximately $101,002.10 in United States

currency, formerly on deposit in Citibank account number 52008872, held in the name of Jeffrey D. Hurant and seized by law enforcement on or about August 25, 2015, less any offset as required by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716.

   3. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Seized Assets, to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding related to third-party rights, including giving notice of this Preliminary Order.

   4. The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Seized Assets in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Assets as a substitute for published notice as to those persons so notified.

   5. Any person, other than the defendant, asserting a legal interest in the Seized Assets may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first date of publication on the official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Seized Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the

Case 1:16-cr-00045-MKB   Document 109-1   Filed 11/10/16   Page 4 of 6 PageID #: 148

4

petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Seized Assets in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Seized Assets to the United States. The defendant shall take whatever steps are necessary to ensure clear title to the Seized Assets passes to the United States, including the execution of any and all documents necessary to effectuate the immediate surrender and forfeiture of the Seized Assets to the United States. Further, if any third-party files a claim to the Seized Assets, the defendant will assist the government in defending such claims. If the Seized Assets, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Seized Assets, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

7. The defendant knowingly and voluntarily waives its right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives its right, if any, to a jury trial on the forfeiture of the property and/or money forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the United States Constitution, any applicable statute of limitations, venue, or defense under the Eighth Amendment, including a claim of excessive fines.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made

*United States v. Easy Rent Systems, Inc.*, 16-CR-45 (MKB)
Preliminary Order of Forfeiture

part of the defendant's sentence and included in the judgment of conviction. If no third party files a timely claim to the Seized Assets, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

9. The United States alone shall hold title to the Seized Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

10. The forfeiture of the Seized Assets shall not be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

11. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. This Preliminary Order shall be binding only upon the Court's "so ordering" of this Order.

13. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, four (4) certified copies of this executed Stipulated Preliminary Order of Forfeiture to FSA Paralegal

Maritza Arroyo, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York  So Ordered:
      November ___, 2016

                                        _____
                                        HONORABLE MARGO K. BRODIE
                                        UNITED STATES DISTRICT JUDGE
                                        EASTERN DISTRICT OF NEW YORK