UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

UNITED STATES OF AMERICA

    - against -                      **MEMORANDUM & ORDER**
                                                     16-CR-45 (MKB)

JEFFREY HURANT,

                 Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Defendant Jeffrey Hurant was indicted by a grand jury on charges of promoting prostitution in violation of the Travel Act, 18 U.S.C § 1952(a)(3)(A) and New York Penal Law sections 230.25 and 230.20 for running Rentboy.com, a website that purported to be a site that connected escorts with clients. (Indictment ¶ 27, Docket Entry No. 92.) Defendant pled guilty to promotion of prostitution on October 17, 2016, (Minute Entry dated Oct. 17, 2016, Docket Entry No. 105), and the Court sentenced Defendant to six months' imprisonment on August 2, 2017, (Minute Entry dated Aug. 2, 2017; Judgment, Docket Entry No. 133). Currently before the Court is Defendant's requests that the Court amend the Judgment to designate a facility for incarceration and provide instructions as to Defendant's security level determination and medical treatment. (Def. Sealed Letter dated Aug. 10, 2017 ("Def. Letter"), Docket Entry No. 135.) For the reasons discussed below, the Court denies Defendant's requests that the Court designate a facility for incarceration and provide instructions as to his security level determination and grants Defendant's request to provide instructions regarding his medical treatment.

## I. Background

On August 2, 2017, the Court sentenced Defendant to six months' imprisonment. (Judgment 2.) In the Judgment, the Court did not make any recommendations to the Federal Bureau of Prisons (the "BOP") regarding the facility at which Defendant should be incarcerated, Defendant's security level determination or Defendant's medical treatment. (*Id.*) Defendant requests that the Court (1) recommend that the BOP incarcerate Defendant in a specific facility to accommodate his religious beliefs and to facilitate family visits, (2) instruct the BOP that Defendant's crime is not considered a sex offense and therefore the BOP should not consider Defendant as a sex offender in determining his security level, and (3) direct the BOP to ensure that Defendant receives the necessary medication for his illness. (Def. Letter 1–2.)

## II. Discussion

Congress has delegated the power over the location and conditions of a convicted defendant's incarceration to the BOP. *See* 18 U.S.C § 3621; *Levine v. Apker*, 455 F.3d 71, 83 (2d Cir. 2006) ("The BOP is the sole agency charged with discretion" over a "convicted defendant['s]" placement in "a treatment program" and "a particular facility.") "A sentencing court has no authority to order that a convicted defendant be confined in a particular facility." *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) (citing 18 U.S.C § 3621(b)). Nor may a sentencing court provide instructions to the BOP regarding a convicted defendant's security classification as "[p]rison administrators [are] accorded wide-ranging deference in . . . their judgment" on matters concerning "internal order and discipline and . . . institutional security." *Pugliese v. Nelson*, 617 F.2d 916, 925 (2d Cir. 1980) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979)); *accord United States v. Jones*, 869 F. Supp. 2d 373, 377 (E.D.N.Y. 2012) ("Courts have long recognized that the classification and designation of inmates is a matter within the BOP's sole discretion." (citing *Williams*, 65 F.3d at 307)). "[J]udicial intervention

into the classification of prisoners for monitoring and control purposes would . . . involve the federal courts in the day-to-day operations of [the] prison system, which [are] better left to the expertise of prison administration authorities" such as the BOP. *Pugliese*, 617 F.2d at 925 (quoting *Bell*, 441 U.S. at 547–48).

Defendant requests that the Court recommend that "[D]efendant be incarcerated in a non-administrative facility, specifically at FCI Otisville Satellite Camp (Minimum Security) in Otisville, New York, to facilitate his religious observance. In the alternative, . . . [D]efendant [should] be incarcerated at FCI Fairton Satellite Camp (Minimum Security) in Fairton, New Jersey to facilitate family visits." (Def. Letter 1.) The Court lacks any authority to instruct the BOP to incarcerate Defendant in a particular facility because "[t]he BOP is the sole agency charged with discretion to place a convicted defendant within . . . a particular facility." *See Levine*, 45 F.3d at 83; *see also Williams*, 65 F.3d at 307 ("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility." (citation omitted)). Therefore, the Court denies Defendant's request. The Court, however, will revise the Judgment to recommend that Defendant be placed in a facility in or close to New York to enable Defendant's family to visit him. *See United States v. Gilliard*, 671 F.3d 255, 257–58 (2d Cir. 2012) (affirming a sentence where the district court recommended that the defendant "be placed close to family and in a facility with effective drug treatment programs"); *United States v. Rosenbauer*, 47 F. App'x 606, 608 (2d Cir. 2002) (affirming a sentence where the district court recommended that the defendant "be placed in a [BOP] facility as close to [the defendant's] home as possible").

Defendant next requests that the Court instruct the BOP that "it is unaware of any evidence that [Defendant] encouraged the use of a minor in prostitution and consequently that should not be considered as a factor in his security classification." (Def. Letter 2.) Defendant

3

argues that the BOP identifies certain offenses as sex offenses pursuant to Program Statement 5100.08, which offenses include "encouraging the use of a minor for prostitution," and there is no evidence in the record that Defendant ever encouraged the use of a minor for prostitution. (Def Letter 2.) Notwithstanding, Defendant asserts that he is "concerned that the BOP may erroneously designate [him] as a sex offender." (Def. Letter 2–3.) To the extent Defendant is requesting that the Court instruct the BOP that Defendant cannot be classified as a sex offender, the Court denies the request because Defendant's inmate classification is within the BOP's discretion. *See Pugliese* 617 F.2d at 916; *see also Jones*, 869 F. Supp. 2d at 377 (denying an inmate's challenge to his security classification because "the classification and designation of inmates is a matter within the BOP's sole discretion." (citing *Williams*, 65 F.3d at 307)); *Fox v. Lappin*, 409 F. Supp. 2d 79, 90–91 (D. Mass. 2006) ("[T]he [BOP's] assignment of a Sex Offender Safety Factor to prisoners with prior state sex offenses cannot be found contrary to the statute or congressional intent. Classification of inmates is a matter within the sole discretion of prison officials." (citing *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990))). To the extent that Defendant is asking the Court to assume that the BOP will erroneously classify him as a sex offender in contravention of the BOP's policy and based on facts that are not contained in the record, the Court declines to make that assumption. *See Pugilese*, 617 F.2d at 925 (holding that "courts should ordinarily defer to [the BOP's] expert judgment in [] matters" such as prisoner classifications (quoting *Bell*, 441 U.S. at 547–48)); *Gissendanner v. Menifee*, 975 F. Supp. 249, 250–51 (W.D.N.Y. 1997) ("Efforts by the BOP to establish specific guidelines for classification of prisoners by issuing Policy Statements place no substantive limits on official discretion. In fact, the BOP's discretion in making classification decisions is virtually unfettered." (citing *Rosenberg v. Meese*, 622 F. Supp. 1451, 1470 (S.D.N.Y. 1985))). Therefore, the Court denies Defendant's request.

Defendant also requests that the Court direct the BOP "to ensure that [Defendant] receive[s] all necessary medication that he has been prescribed" to treat his illness. (Def. Letter 2.) Under 18 U.S.C § 3621, Congress provided that "to ensure a minimum standard of health and habitability, the [BOP] should ensure that each prisoner in a community confinement facility has access to necessary medical care, mental health care, and medicine through partnerships with local health service providers." 18 U.S.C. § 3621(g); *see also Thomas v. Ashcroft*, 470 F.3d 491, 496–97 (2d Cir. 2006) (holding that prison officials have a duty to provide an inmate with medication that treats the inmate's illness). Accordingly, the Court grants this request.

### III. Conclusion

For the foregoing reasons, the Court denies Defendant's requests to amend the judgement to specify a facility for incarceration and provide instructions as to his security level determination and grants Defendant's request to provide instructions regarding his medical treatment. The Clerk of Court is directed to amend the Judgment to include the Court's recommendations that Defendant be placed in a facility in or near New York and that the BOP ensure that Defendant receives the necessary medication for his illness.

SO ORDERED:

\_\_\_\_s/ MKB\_\_\_\_\_
MARGO K. BRODIE
United States District Judge

Dated: August 11, 2017
 Brooklyn, New York

5